IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADVANTAGE AMBULANCE GROUP, INC. | : | |
| Plaintiff, | | CIVIL ACTION |
| | : | NO. 08-3300 |
| v. | | |
| | : | |
| LINDA LUGO, et al. | | |
| Defendants. | | |

## ORDER & MEMORANDUM

AND NOW, this 23rd day of March, 2009, upon consideration of Defendants' Joint[1] Motion to Dismiss and Plaintiff's Response thereto, it is hereby ORDERED and DECREED that Count III of Plaintiff's Complaint under the Computer Fraud and Abuse Act (CFAA), is dismissed with prejudice. It is further ORDERED and DECREED that no compelling reason exists for this Court to exercise supplemental jurisdiction over Plaintiff's state claims, therefore said claims are dismissed without prejudice to raise same in state court.

The within matter revolves around the alleged "stealing" of trade secrets, i.e., customer/patient lists, by former Advantage Ambulance employees Linda Lugo, Casey Mather and Alexander Salas. Plaintiff alleged that after Lugo, Mather and Salas quit or were terminated from their employment with Advantage, they transmitted Advantage's trade secrets to their new employers, Ameriquest, Golden and Hi-Tech, respectively. (Am.Compl. ¶¶ 17-18.) Plaintiff further claimed that Defendant Golden disseminated these same trade secrets to Defendants

---

[1] All Defendants have joined in said Motion, except Defendant Ameriquest.

Medcross, Vitech and Ameriquest and that these parties derived the benefit of the theft. (Am. Compl. ¶ 20.)

In response to Plaintiff's Complaint, Defendants filed a joint Motion to Dismiss,[2] asserting in pertinent part that Plaintiff failed to state a claim for which relief could be granted under the Computer Fraud and Abuse Act (hereinafter, "the Act").[3] Specifically, Defendants contended that Plaintiff ". . . failed to allege the requisite intent, has failed to allege any 'loss or damage' giving rise to a private cause of action, and has failed to allege access to a 'protected computer.'" (Br. in Supp. of Defs.' Joint Mot. to Dismiss 5.)

A review of Plaintiff's Complaint indicates that its claim under the Act was being brought pursuant to subsection (a)(4), which provides as follows:

> § 1030. Fraud and related activity in connection with computers
>
> (a) Whoever--
>
> > (4) knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period. 18 U.S.C., §1030(a)(4).[4]

---

[2] See note 1.

[3] Plaintiff alleged two federal claims in its Amended Complaint: (1) the Electronic Communications Protection Act (Count II); and, (2) the Computer Fraud and Abuse Act (Count III). However, in its Response to Defendants' Motion to Dismiss, Plaintiff withdrew Count II of its Complaint. The remainder of Plaintiff's Complaint contained state law claims, which, for reasons that follow, do not require further assessment by this Court.

[4] Inasmuch as the alleged conduct occurred in 2007, the pre-2008 amendment to the Act applies to this case.

*See also P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC,* 428 F.2d 504, 508 (3d Cir. N.J. 2005)(in order to sustain a claim under subsection (a)(4) of the CFAA, a plaintiff must ultimately establish that a defendant: (1) has accessed a "protected computer;" (2) has done so without authorization or by exceeding their authorization; (3) has done so "knowingly" and with "intent to defraud;" and, (4) as a result, has "furthered the intended fraud and obtained anything of value").

    It is well established that:

> A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint. The question, then, is whether "the facts alleged in the complaint, even if true, fail to support the . . . claim." The pleader is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. Pa. 1993)(citations omitted).

    In response to Defendants' Motion, Plaintiff sets forth various portions of its Amended Complaint, which Plaintiff asserts sufficiently establish the intent of Defendants.  This Court found that for purposes of sustaining this portion of its action, Plaintiff sufficiently pled the intent requirement of the Act.  (Am. Compl. ¶¶ 18(a)-( c), 20 & 22.)

    However, this Court also found that Plaintiff failed to sufficiently plead that the computer allegedly accessed by Defendants constituted a "protected computer" under the Act.  A "protected computer" as it pertains to Plaintiff's cause of action, is defined as that "[w]hich is used in interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States"  18 U.S.C.§(e)(2)(B).  Plaintiff has alleged in pertinent part that "[T]he computer so accessed was used in interstate commerce."  (Am. Compl. ¶ 17.)

Plaintiff's allegations must provide Defendants with sufficient notice of the basis for its claims. As was clearly noted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), mere reiteration of the elements of a claim - without more - is insufficient to survive a 12(b)(6) motion to dismiss . . .

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, ***and a formulaic recitation of a cause of action's elements will not do.*** Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Id.* at 555 (citations omitted)(emphasis added).

Plaintiff failed to address the "protected computer" issue in his Response to Defendants' Motion, except to say that ". . . as reflected most particularly in paragraph 17, the defendants accessed a protected computer of the plaintiffs [sic] . . ." (Pl.'s Answer to Defs.' Joint Mot. for Summ. J. [sic]  4.)  However, the language of Paragraph 17 is nothing more than a "[f]ormulaic recitation of a cause of action's elements" and as such, "[w]ill not do." *Twombly* at 555.  Despite amendment of its Complaint, Plaintiff has failed to meet its minimal pleading burden.

This Court similarly found that Plaintiff failed to sustain its burden with regard to the "damage" or "loss" requirement of the Act, which provides as follows:

> (g) Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in clause (I), (ii), (iii), (iv), or (v) of subsection (a)(5)(B). Damages for a violation involving only conduct described in subsection (a)(5)(B)(I) are limited to economic damages. No action may be brought under this subsection unless such action is begun

> within 2 years of the date of the act complained of or the date of the
> discovery of the damage. No action may be brought under this subsection
> for the negligent design or manufacture of computer hardware, computer
> software, or firmware.  18 U.S.C. §1030(g).

The term "damage" is defined as "any impairment to the integrity or availability of data, a program, a system, or information,"[5] while "loss" is defined as . . .

> [A]ny reasonable cost to any victim, including the cost of responding to an
> offense, conducting a damage assessment, and restoring the data, program,
> system, or information to its condition prior to the offense, and any revenue lost,
> cost incurred, or other consequential damages incurred because of interruption of
> service.  18 U.S.C.§ (e)(11).

In a case relied upon by both parties . . .

> [P]laintiff *.*.*.* alleged that he has suffered the following damage/loss: (a) the
> time and resources spent and the cost of hiring an expert to research and assess the
> unauthorized information and assets, transmitted to/from SPI's protected computer
> and, to the extent possible, remedy the damage done and protect against such
> damage and loss in the future; (b) the diminution in value and impairment of the
> integrity of SPI's confidential, proprietary and trade secret information, and the
> loss of goodwill; and ( c) the economic loss caused by Andrew Vaccaro's
> interference with SPI's customer relationships, particularly its relationship with
> Aero. (Doc. 6 P 45.) This damage/loss exceeds five thousand dollars ($ 5,000).
> These incurred costs in paragraph 45(a) of Plaintiff's First Amended Complaint
> are explicitly identified in the CFAA's definition of 'loss,' which includes 'any
> reasonable cost to any victim, *including the cost of responding to an offense,
> conducting a damage assessment, and restoring the data, program, system, or
> information to its condition prior to the offense* . . . ' *Dudick v. Vaccaro*, 2007
> U.S.Dist. LEXIS 45953, *14 (emphasis added).[6]

---

[5]  18 U.S.C.§(e)(8).

[6]  It should be noted that in their Answer to Defendants' Motion, Plaintiff addressed Defendants' discussion of *Dudick* by alleging that their reliance on same was "misplaced." (Pl.'s Answer to Defs.' Joint Mot. for Summ. J. [sic] 5-6.)   Plaintiff then went on to set forth a portion of the language from *Dudick,* stopping short of the pertinent passage that would render Plaintiff's claim insufficient:

> [In *Shurgard*] *.* .*.* a "loss" claim was stated in that the employer suffered loss
> in the form of expenses incurred in modifying its computers to prevent future
> misappropriations.  Accordingly, Plaintiff has adequately alleged "damage" or

The "damage or loss" provision of the Act was similarly discussed in a matter entitled *B&B Microscopes v. Armogida*, 532 F. Supp. 2d 744 (W.D. Pa. 2007):[7]

> ['L]oss' is defined as 'any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.' [B]&B sustained a loss of $ 1,400 relating to the costs incurred in performing a damage assessment. I find such costs to be reasonable under the circumstances. [A]dditionally, B&B sustained a loss of $ 10,000 relating to lost revenue because of an 'interruption of service.' [A]s stated above, B&B was deprived of the opportunity to sell the KPICS System when the data related to the KPICS System was deleted from Armogida's laptop. [B]&B had no other access to the underlying algorithm necessary to reproduce the KPICS System. Its attempts to secure the information from the OHBCI were rebuffed. [A]ccordingly, the loss of the data from Armogida's laptop constituted an interruption of service within the meaning of 18 U.S.C. § 1030(e)(11) and 18 U.S.C. § 1030(a)(5)(B)(I). [I] reject, as too speculative, B&B's contention that it lost $ 50,000.00 in revenue from the first year of sales of the KPICS System. [I]nstead, I find that B&B lost $ 10,000 in profit from the sale Armogida made of the KPICS System to the State of Utah. [T]he $ 1,4000 cost of conducting the damage assessment and the $ 10,000 in lost profit from the State of Utah sale satisfy the jurisdictional requirement set forth in 18 U.S.C. § 1030(a)(5)(B)(I). [B]&B is entitled to an award of damages in the amount of $ 11,4000 representing the amounts set forth above. [A]dditionally, I find that B&B is entitled to injunctive relief directing Armogida to return to B&B all data he retained from the laptop computer, including all data relating to the KPICS System as it existed the day he deleted the information. *Id.* at 759.

*See also Bansal v. Russ,* 513 F. Supp. 2d 264, 279 (E.D. Pa. 2007)(finding that plaintiff failed to properly allege the requisite economic damages under the Act and even construing all allegations

---

> "loss" in the form of the responsive costs he incurred due to Andrew Vaccaro's putative violation of the CFAA. However, to the extent that Plaintiff claims lost revenue, loss of goodwill, and interference with his customers, particularly Aero, such injuries are not cognizable losses under the CFAA. *Dudick* at *16 (citations omitted).

[7] In *B&B Microscopes*, the Court was not assessing Plaintiff's claims in the context of a 12(b)(6) Motion, but instead, was doing so in the context of Findings of Facts and Conclusions of Law prepared subsequent to a bench trial.

liberally, nothing in Complaint suggested that a compensable economic loss was caused by a violation of the Act).

Although Plaintiff alleged in its Amended Complaint that "[a]s a result of the foregoing activity, Plaintiff will suffer a loss of revenue in excess of $300,000.00 a year and has to date lost in excess of $100,000.00," this is not the type of "loss" contemplated by the Act. (Am. Compl. ¶26.) Clearly, Plaintiff would have knowledge - even prior to commencement of discovery - as to whether or not any measures had to be taken to remedy any damage done to their computer system or to protect themselves from having this alleged injury occur again in the future. A continued omission of this information from Plaintiff's pleadings demonstrates that no such damage existed and that Plaintiff cannot meet its pleading burden under the Act. In that same vein, Plaintiff would have been similarly aware of the existence of any interruption in service as a result of alleged violations under the Act. However, despite the opportunity to amend its Complaint, Plaintiff completely failed to plead any such damage or loss. Accordingly, Plaintiff's claim under the Act fails.

In view of the fact that Plaintiff has failed to sustain its burden with regard to his sole remaining federal claim, it is within this Court's discretion to decline to exercise supplemental/pendent jurisdiction over Plaintiff's remaining state law claims . . .

> Under 28 U.S.C. § 1367( c), "district courts may decline to exercise supplemental jurisdiction" over a state law claim if "the claim raises a novel or complex issue of State law . . . ***[or] the district court has dismissed all claims over which it has original jurisdiction***." Section 1367( c) provides courts "the discretion to refuse to exercise supplemental jurisdiction when 'values of judicial economy, convenience, fairness, and comity' counsel that the district court remand state claims to a state forum." A decision to remand under section 1367 "reflects the court's judgment . . . that at the present stage of litigation it would be best for supplemental jurisdiction to be declined so that state issues may be adjudicated

by a state court." *Combs v. Homer-Center Sch. Dist.*, 540 F.3d 231, 253-4 (3d Cir.Pa. 2008)(citations omitted)(emphasis added), *cert. denied,* 129 S.Ct. 1013 (2009).

As discussed hereinabove, this Court is dismissing Plaintiff's only remaining federal claim. The parties have yet to begin formal discovery. Moreover, all of the parties live in or around Philadelphia and would suffer no further inconvenience by having travel to the Philadelphia Court of Common Pleas. As such, dismissal of Plaintiff's remaining claims without prejudice to raise same in the Court of Common Pleas, would cause no unfairness to any of the parties. Accordingly, this Court, as is properly within its discretion, declines to assume supplemental jurisdiction over Plaintiff's state claims.

BY THE COURT:


/s/ C. Darnell Jones II      J.